# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANTHONY TRIVAYL PATTERSON,<br><br>*Plaintiff*,<br><br>v.<br><br>YKK NORTH AND CENTRAL AMERICA GROUP, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:24-cv-00258-TES |

## ORDER TO RECAST COMPLAINT

In his Complaint [Doc. 1], pro se Plaintiff Anthony Trivayl Patterson asserts a race discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2000e-17, a claim for disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117. [Doc. 1, p. 3]. He also purports to bring a claim for race discrimination under 42 U.S.C. § 1981 and related state law under Georgia's Fair Employment Practices Act ("GFEPA"), O.C.G.A. §§ 45-19-29 and 45-19-31. [*Id.*].[1]

### A.   Plaintiff's IFP Motion

Contemporaneously with his Complaint, Plaintiff filed a Motion for Leave to

---

[1] Plaintiff also asserts state-law claims under O.C.G.A. §§ 34-7-20 and 34-7-23 related to employer care in the workplace and assumption of risk by employees, respectively, and a violation of a local Macon-Bibb County ordinance. [Doc. 1, p. 3].

Proceed *In Forma Pauperis* ("IFP") [Doc. 2]. Authority for granting permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After review of Plaintiff's monthly income and expenses, the Court **GRANTS** his IFP Motion [Doc. 2].

B.  **Legal Standards**

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[3] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private

resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

C. **Plaintiff's Complaint**

Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). According to Plaintiff's Complaint, filed on July 29, 2024, he claims that on and off since June 2016 through September 2023, that he has been subjected to race and disability discrimination. [Doc. 1, p. 4].

Plaintiff is an African American male who allegedly suffers from generalized anxiety disorder, and it is on those bases that he claims he has been denied promotions, equal terms and conditions of employment, and has been retaliated against. [*Id.*]. Until

October 21, 2023, Plaintiff was employed at YKK (U.S.A.), Inc., in Macon, Georgia. [*Id.* at p. 3]; [Doc. 2, p. 2]. Via his Complaint, he names four of its employees as defendants. [Doc. 1, p. 2]. Plaintiff names Senior Manager of Human Resources Staci Uselton, Manufacturing Operations Manager Lee Chancey, Former Dye Department Manager Emily Tiller, and Dye Department Shift Supervisor Brian Fletcher. [*Id.*].

As an initial matter, however, the Court notes that neither Title VII nor the ADA allow for individual liability. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (relief under Title VII is available against only the employer and not against individual employees regardless of whether the employee is a public entity or a private company); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (individual capacity suits under Title VII are inappropriate; relief is to be found from the employer); *Albra v. Advan, Inc.*, 490 F.3d 826, 829–30 (11th Cir. 2007) (noting that the ADA's definition of "employer" is similar to the definition used in Title VII which does not countenance individual liability) (citation omitted); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that the ADA "does not provide for individual liability, only for employer liability"); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (noting that the ADA does not provide for individual liability).

Similarly, the statutory language of the relevant provisions of the GFEPA make it "an unlawful practice for *an employer*" to discriminate against any individual because of his or her race, color, religion, national origin, sex, disability, or age, O.C.G.A. § 45-19-

29, or to publish an employment advertisement "indicating any preference" "based on race, color, religion, national origin, sex, disability, or age" (unless those classifications pertain to "a bona fide occupational qualification for employment"), O.C.G.A. § 45-19-31. *See* O.C.G.A. §§ 45-19-29(1); 45-19-31 (*emphasis added*); *see also* O.C.G.A. § 34-7-20 (stating requirements under Georgia law for "*[t]he employer*"). Put simply, Plaintiff's claims that are predicated on race and disability discrimination under Title VII, the ADA, and Georgia law should be pressed against his former *employer*.[4]

As the Eleventh Circuit has stated, "the proper method for a plaintiff to recover under Title VII is by suing *the employer*, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby*, 931 F.2d at 772 (emphasis added); *see also Prescott v. Indep. Life and Accident Ins. Co.*, 878 F. Supp. 1545, 1552 (M.D. Ala. 1995) ("[A] suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself.") (citing *Busby*, 931 F.2d at 772). Here, Plaintiff has directly named his former employer, YKK (U.S.A.), Inc., in the caption of his Complaint. *See*, *e.g.*, [Doc. 1, p. 1]. Therefore, the Court **DISMISSES** Plaintiff's discrimination claims under Title VII, the ADA, and Georgia law that are brought against Defendants Staci Uselton, Lee Chancey, Emily Tiller, and Brian Fletcher

---

[4] Plaintiff's race-discrimination claim under 42 U.S.C. § 1981 remains against the individually named defendants pending the outcome of the Court's frivolity review. *See Johnson v. Fam. Practice and Injury Ctr., Inc.*, 437 F. Supp. 3d 1108, 1119 (M.D. Fla. 2020) (recognizing that "some affirmative link to causally connect the actor with the [alleged] discriminatory action" is required for individual liability under 42 U.S.C. § 1981).

**with prejudice**. Defendant YKK (U.S.A.), Inc., as Plaintiff's former employer, is the proper defendant for those claims.

The Court further notes that Federal Rule of Civil Procedure 8 does not require the use of formal language or legalese or require a party (let alone a non-attorney, pro se party) to cite any specific statute or case law to state a claim. Fed. R. Civ. P. 8. However, Plaintiff has provided absolutely no factual allegations in his Complaint. *See generally* [Doc. 1]. One of the most important reasons for the administrative process before the Equal Employment Opportunity Commission ("EEOC") is so that the EEOC has "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Following exhaustion through the EEOC, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280. Again, Plaintiff has provided no factual allegations in his Complaint for comparison with his charge filed on January 27, 2023, so the Court cannot conduct the frivolity review of Plaintiff's Complaint required by 28 U.S.C. § 1915. [Doc. 1, p. 5]; [Doc. 1-4, p. 1]. Therefore, the Court **ORDERS** Plaintiff to recast his Complaint to include factual allegations regarding all of his claims brought under both federal and state law. *See* n.1, *supra*. Plaintiff's recast complaint is due by ***August 14, 2024***.

7

In drafting his recast complaint, the Court reminds Plaintiff that even as a pro se litigant he is still required to conform to the Federal Rules of Civil Procedure. *Albra*, 490 F.3d at 829 (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'"). Under Rule 8, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A district judge has the authority to dismiss a complaint for failure to comply with the federal rules. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333. 1337 (11th Cir. 2005) (recognizing a district judge may dismiss a case sua sponte under either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket).

To aid in his drafting, the Court trusts that answers to the following questions may provide some guidance. When recasting his statement of claims, Plaintiff should clearly present his claims under each relevant federal and state law listed in his original Complaint.[5] *See* [Doc. 1, p. 3]. While individuals[6] may not be sued—that is, held liable—under Title VII, the ADA, or for claims based on unfair employment practices under

---

[5] As for Plaintiff's allegation that his former employer violated an ordinance from Macon-Bibb County, Plaintiff should include the text of that ordinance and provide sufficient detail as to how it was violated.

[6] To be clear, Plaintiff may mention various individuals by name to present his factual allegations and in telling his story to support his claims, but those individuals should not be included as named defendants in his recast complaint when it comes to his efforts to recover under Title VII, the ADA, or the Georgia statutes cited in Plaintiff's Complaint. [Doc. 1, p. 3].

Georgia law, listing numbered responses to the following may prove helpful:

(1) What occurred (or didn't occur) for you to think there has been a violation of your rights?

(2) Which of your supervisors were involved with the employment decision(s) involved in this case?

(3) What did those supervisors do (or not do) with respect to your discrimination claims in this case?

There shall be ***no service of process*** in this case until the Court receives Plaintiff's recast complaint and fully conducts the required frivolity review. Lastly, the Court notes that a recast complaint takes the place of and supersedes the original complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary."). Thus, the Court will look *only* to the contents of Plaintiff's recast complaint when reviewing his claims pursuant to 28 U.S.C. § 1915(e). To ensure a clear record, any documents filed along with Plaintiff's original Complaint (other than his IFP Motion) must be refiled with his recast complaint. In addition to properly asserting factual allegations underlying his Title VII and ADA claims as well as his claims asserted under Georgia law, Plaintiff should be mindful that he does not omit any specific allegations (or individuals) that pertain to his race-discrimination claim under 42 U.S.C. § 1981.

Failure to fully and timely comply with this order will result in the dismissal of

Plaintiff's Complaint without further warning from the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 30th day of July, 2024.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**