IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY TRIVAYL PATTERSON,<br><br>*Plaintiff*,<br><br>v.<br><br>YKK (USA) INC.,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:24-cv-00258-TES |

### ORDER

Before the Court is Plaintiff Anthony Trivayl Patterson's Motion for Reconsideration [Doc. 14], in which he asks the Court to reconsider its decision to dismiss his 42 U.S.C. § 1981 claims. [Doc. 14, p. 1].

At the outset, "motions for reconsideration are disfavored" and "relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (citing *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522, at *1 (M.D. Ga. Oct. 24, 2017); [Doc. 180 at pp. 2–3]. Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and

procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).

The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

Here, Plaintiff's Motion is especially improper because the Court *did not* dismiss his § 1981 claim. Indeed, that claim is still pending against Defendant YKK (USA) Inc. *See generally* [Doc. 5]. The Court *did* dismiss all claims against the individual-Defendants because Plaintiff failed to name them in his Recast Complaint [Doc. 4]. The Court explicitly warned Plaintiff that "the Court [would] look *only* to the contents of Plaintiff's recast complaint when reviewing his claims pursuant to 28 U.S.C. § 1915(e)." [Doc. 3, p. 9]. Specifically, as to his § 1981 claims, the Court explained: "Plaintiff should be mindful that he does not omit any specific allegations (or individuals) that pertain to his race-discrimination claim under 42 U.S.C. § 1981." [*Id.*]. But, Plaintiff's Recast Complaint lists only one defendant: YKK (USA) Inc. [Doc. 4, p. 2]. As a result, the Court dismissed all claims (including Plaintiff's § 1981 claims) against the individual-Defendants. [Doc. 5, p. 1 n.1]. The Court warned Plaintiff of that potential result, but Plaintiff failed to ensure

that he included any individual with respect to his § 1981 claims.

**To clear up any remaining confusion, the following claims remain pending against YKK (USA) Inc.**: Plaintiff's § 1981 claim and his Title VII and ADA claims for events occurring between July 31, 2022, and January 27, 2023.[1]

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 14].

**SO ORDERED**, this 16th day of September, 2024.

                                                 *S/ Tilman E. Self, III*
                                                 **TILMAN E. SELF, III, JUDGE**
                                                 **UNITED STATES DISTRICT COURT**

---

[1] To the extent Plaintiff's Motion for Reconsideration challenges any other portion of the Court's Order [Doc. 5], it is **DENIED** because he does not offer any new evidence, point to any intervening changes in the law, or outline any clear error committed in the prior Order.