IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY TRIVAYL PATTERSON,<br><br>　　*Plaintiff*,<br><br>v.<br><br>YKK (U.S.A.) INC.,<br><br>　　*Defendant*. | CIVIL ACTION NO.<br>5:24-cv-00258-TES |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

Before the Court is Plaintiff Anthony Trivayl Patterson's Motion to Strike [Doc. 22] specific portions of Defendant YKK (U.S.A.) Inc.'s Answer [Doc. 18]. After screening Plaintiff's Recast Complaint [Doc. 4] as required by 28 U.S.C. § 1915(e), the Court found—limited to events occurring between July 31, 2022, through January 27, 2023— that he alleged sufficient information to survive frivolity review for race-discrimination claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2000e-17; and claims for disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117. *See generally* [Doc. 5]; [Doc. 15].

In his Motion, Plaintiff argues that the Court should strike nine out of YKK's 17 defenses. [Doc. 22, pp. 1–4]; *see generally* [Doc. 18]. Primarily, these defenses include an assertion that Plaintiff fails to state a claim upon which relief can be granted, that his

lawsuit is not filed within the applicable statute of limitations, and that his claims are barred for lack of exhaustion and outside the scope of his charge of discrimination filed with the Equal Employment Opportunity Commission. [Doc. 22, pp. 1–3]; [Doc. 18, pp. 2–3]. Additionally, Plaintiff seeks to strike YKK's defenses that "[it] denies Plaintiff engaged in any protected activity such that [he] can assert a cognizable claim for retaliation under Title VII or the ADA" and that "[it] denies any discriminatory or retaliatory intent towards Plaintiff." [Doc. 22, p. 2]; [Doc. 18, p. 3]. "[A]t all times," YKK asserts in its Answer that "[it] has acted in good faith" with respect to Plaintiff's employment, and that he failed to mitigate his damages. [Doc. 18, p. 4]. And lastly, Plaintiff takes issue with YKK's reservation of right to assert additional defenses. [Doc. 22, p. 4]; [Doc. 18, p. 6].

Generally speaking, Plaintiff contends that these defenses either lack merit, are irrelevant given the procedural posture of this case, speculative, or misleading and prejudicial. [Doc. 22, pp. 1–4]. When it comes to YKK's defenses made at the "pre-discovery stage," to some extent, Plaintiff isn't incorrect. [Doc. 22, p. 3]. However, many of the arguments and positions Plaintiff takes in his efforts to strike YKK defenses lend heavily to factual determinations to be made later in this case. *See Fed. Trade Comm'n v. U.S. Work Alliance, Inc.*, No. 1:08-cv-2053-WSD, 2009 WL 10669724, at *1 (N.D. Ga. Feb. 24, 2009) ("Courts generally do not favor motions to strike . . . because they often prematurely raise arguments best considered once the facts of a case are discovered.").

2

For example, Plaintiff filed a "Response to Defendant YKK USA, Inc.'s Answer" that includes substantive arguments and exhibits to support his efforts to strike the aforementioned defenses. *See, e.g.*, [Doc. 22-1, pp. 1–7]; [Doc. 22-2]; [Doc. 22-3]; [Doc. 22-4]; [Doc. 22-5]; [Doc. 22-6]; [Doc. 22-7]; [Doc. 22-8]. To be sure, these are things the Court may consider *if* submitted in connection with a motion for summary judgment, but not now. To that end, the Court notes Plaintiff's acknowledgement that his "Response to Defendant YKK USA, Inc.'s Answer" is not a filing typically made in federal court. [Doc. 22, p. 5]. Thus, given Plaintiff's statement that he was "prepared to withdraw" his Response to YKK's Answer, the Court wants to make clear that while withdrawal is not necessary, the Court did not consider Plaintiff's "Response to Defendant YKK USA, Inc.'s Answer" in ruling on his Motion to Strike. [*Id.*]. The substantive content within the "Response to Defendant YKK USA, Inc.'s Answer," its attachments, and its exhibits, as well as the majority of Plaintiff's merits-based, fact-driven arguments set forth in his Reply [Doc. 25] are more aptly suited for a response to a motion made under Federal Rule of Civil Procedure 56. *See, e.g.*, [Doc. 25, p. 4]. Instead, the Court opted to focus solely on Plaintiff's arguments contained within his Motion to Strike. *See, e.g.*, [Doc. 22, pp. 1–5].

  Federal Rule of Civil Procedure 12(f)—a rule that "should be sparingly used"—permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. Trade Comm'n*, 2009 WL 10669724,

at *1. Although the Federal Rules of Civil Procedure do not define what constitutes "an insufficient defense," Rule 8 requires defendants to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Within those guideposts from Federal Rules of Civil Procedure 8 and 12, it is important to note that "[m]otions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).[1] Thus, motions to strike are not opportunities to determine questions of factual dispute—such determinations are reserved either for the dispositive-motions stage or for trial. *Dunn v. Smith & Sons Foods, Inc.*, No. 5:19-cv-00502-TES, 2020 WL 556401, at *1 (M.D. Ga. Feb. 4, 2020); *United Artists Associated, Inc. v. NWL Corp.*, 198 F. Supp. 953 (S.D.N.Y. 1961).

Upon review of YKK's Answer, YKK's failure-to-state-a-claim defense is simply a denial that Plaintiff fails to state a claim against it. *Drzik v. Haskell Co.*, No. 3:11–cv-379–J–32MCR, 2011 WL 2981565, at *1 (M.D. Fla. July 22, 2011) (quoting *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 2412834, at *3 (S.D. Fla. Aug. 21, 2007)) ("When a party . . . labels a negative averment as an affirmative defense rather

---

[1] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

than as a specific denial[,] [courts should] not . . . strike the claim, but . . . treat it as a specific denial."). Such a defense is common and acts a place holder until such time as courts can further evaluate a plaintiff's claims through a motion and the relevant legal standard governing that motion. Further, YKK's defenses related to timeliness, lack of protected activity, exhaustion, the scope of Plaintiff's EEOC charge, YKK's denial discriminatory intent, as well as Plaintiff's failure to mitigate and YKK's reservation to assert additional defenses are all readily common "denials" or assertions in employment disputes, and they do not constitute defenses that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Striking such commonplace and "largely boilerplate [defenses] [is] unnecessary as [they] cause no prejudice to Plaintiff." *West v. S. AG Carriers, Inc.*, No. 1:16-CV-134 (WLS), 2017 WL 10752210, at *5 (M.D. Ga. Mar. 16, 2017). Accordingly, the Court **DENIES** Plaintiff's Motion to Strike [Doc. 22].

**SO ORDERED**, this 12th day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**