IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANTHONY TRIVAYL PATTERSON,**  *Plaintiff,*  v.  **YKK (USA), INC.,**  *Defendant.* | CIVIL ACTION NO. 5:24-cv-00258-TES |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties hereby stipulate to the following Stipulated Protective Order (the "Order");

WHEREAS, the Court recognizes that the discovery process in this litigation may involve the production or disclosure of sensitive, proprietary, or confidential information; and

WHEREAS, the Court finds that good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c) and Local Rule 5.4 to limit the disclosure of such information and to safeguard the legitimate confidentiality interests of the parties and non-parties;

IT IS HEREBY ORDERED that the following provisions govern the disclosure, handling,

and filing of confidential information in this case:

I. **Definition of Confidential Information**

Confidential Information is defined as information that constitutes, reflects, or discloses:

**(a)** Personal health information, medical records, and diagnoses of Plaintiff or any other individual;
**(b)** Financial records, including but not limited to tax returns, wage statements, and 401(k) records;
**(c)** Personnel records and other employment-related documents of Defendant's employees;
**(d)** Proprietary business policies, training materials, and internal communications of Defendant;
**(e)** Witness contact information, including phone numbers, addresses, and email addresses; and
**(f)** Any other sensitive information designated as "Confidential" by the producing party or agreed upon by the parties.

II. **Designation of Confidential Information**

Whenever possible, a party should designate materials or information as "Confidential" by clearly marking, stamping, affixing, or embedding the documents with the word "CONFIDENTIAL." For oral communications or testimony, confidentiality shall be asserted at the time of the deposition or proceeding, and such designations must be confirmed in writing within fourteen (14) days. Any disputes regarding the designation of confidential materials shall be addressed as provided in this Order.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

### III. Use of Confidential Information

Confidential Information produced in this litigation shall be used solely for purposes of this case and not for any other purpose. Access is restricted to:

> **(a)** The Court and its personnel;
> **(b)** The Parties and their legal counsel;
> **(c)** Experts or consultants retained for this case, provided they agree to be bound by this Order; and
> **(d)** Any other person authorized by the Court or agreed to by the Parties in writing.

### IV. Witness Contact Information

To protect the privacy and safety of witnesses, the addresses, phone numbers, and email addresses of witnesses shall be redacted in any publicly filed document unless explicitly authorized by the Court.

### V. Filing of Confidential Information (Compliance with Local Rule 5.4)

All filings containing Confidential Information must comply with Local Rule 5.4. Specifically:

> **(a)** Personal identifiers such as Social Security numbers, dates of birth, or financial account numbers must be redacted to the extent required by Local Rule 5.4.
> **(b)** Minors' names must be redacted to include only their initials.
> **(c)** Confidential Information requiring full disclosure for litigation purposes must be filed under seal in accordance with Local Rule 5.4(d).

### VI. Retention and Destruction of Confidential Materials:

At the conclusion of this litigation, including any appeals, all materials designated as "Confidential" shall be returned to the producing party or destroyed within thirty (30) days, unless otherwise agreed upon in writing by the parties. The receiving party shall certify that all

designated information hereunder has been destroyed.

No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files.  This provision does not apply to the Court or Court staff.

### VII.   Challenges to Confidential Designations

Should a party dispute the designation of materials as "Confidential," the parties shall attempt in good faith to resolve the dispute without Court intervention. The disputing party must provide written notice of the challenge and the grounds therefor to the designating party, who must respond in writing to the challenge within fifteen (15) days.  At all times, the designating party carries the burden of establishing the propriety of the designation and protection level.  If the dispute cannot be resolved, the challenging party may bring the matter to the Court's attention by filing an appropriate motion. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order.

### VIII.   Sanctions for Unauthorized Disclosure:

Unauthorized disclosure of "Confidential" information shall subject the disclosing party to sanctions as deemed appropriate by the Court, including monetary sanctions, exclusion of evidence, or other remedies.

**IX.     No Waiver of Privilege**

This Order does not waive any applicable privilege, including attorney-client privilege, work-product protection, or physician-patient privilege.

**X.      Applicability of This Order to All Discovery Materials:**

This Order shall apply to all discovery materials exchanged in this case, whether produced by a party or non-party, and shall remain binding throughout and after the conclusion of this litigation.

**XI.     Modification**

This Order may be modified by agreement of the Parties or by further order of the Court for good cause shown. A party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party pursuant to the terms of this Order and the Local Rules of the Middle District of Georgia.

**XII.    Requests to Seal**

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with the Federal Rules of Civil Procedure and any applicable Local Rule of the Middle District of Georgia. Neither party shall unreasonably oppose the other party's request to seal without a good faith basis for their opposition.

WHEREFORE, the Parties hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Stipulated Protective Order.

SO ORDERED, this <u>5th</u> day of <u>February</u>, 2025.

S/ Tilman E. Self, III

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

**AGREED TO AND TENDERED BY:**

*/s/ Anthony Trivayl Patterson*
Anthony Trivayl Patterson

*/s/Raanon Gal*
Raanon Gal
Georgia Bar No. 100281
Barnes & Thornburg LLP
3340 Peachtree Road, N.E., Suite 2900
Atlanta, Georgia 30327
Tel: (404) 846-1693
Fax: (404) 264-4033
RGal@btlaw.com
*Attorney for Defendant YKK (U.S.A.) INC.*